WENDY J. OLSON, IDAHO STATE BAR No. 7634
UNITED STATES ATTORNEY
GEORGE W. BREITSAMETER
ASSISTANT UNITED STATES ATTORNEY
KENNETH M. ROBINS
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO 82712-9903
(208) 334-1211

U.S. COURTS
OCT 13 2010
Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 10-0267-S BLW |
| Plaintiff, ) | |
| ) | INDICTMENT |
| vs. ) | |
| ) | 18 U.S.C. §§ 1014, 1343 and 1344 |
| MELODY C. REDONDO, ) | |
| PAUL REDONDO, ) | |
| ) | |
| Defendants. ) | |

THE GRAND JURY CHARGES:

**COUNT ONE**

**Wire Fraud
18 U.S.C. § 1343**

A.  Introduction

   At all times material to this Indictment:

INDICTMENT - 1

1. MELODY C. REDONDO resided in Meridian, Idaho; between February 22, 2007, and the present she was a licensed real estate agent, and she was employed on a limited basis for a financial planner;

2. PAUL REDONDO resided in Meridian, Idaho, and was a licensed broker/dealer agent in Idaho for the period between February 3, 2005 and June 12, 2007, and was employed by a financial planner. He was later employed as a licensed real estate agent.

3. Washington Mutual Bank and Washington Trust Bank are financial institutions as defined by Section 20 of Title 18, United States Code.

4. National City Mortgage, hereinafter referred to as "NCM;" First Horizon Home Loans; Mortgageit, Inc.; Greenpoint Mortgage; and Evergreen Money Source Mortgage are mortgage lenders and, effective May 20, 2009, are financial institutions as defined by Section 20 of Title 18, United States Code.

5. That on or about May 13, 2009, PAUL and MELODY C. REDONDO filed a joint petition in United States Bankruptcy Court for the District of Idaho seeking discharge of loans alleged herein as Count Two, Washington Mutual Bank, $200,000; Count Three, Washington Trust Bank, $100,000; Count Nine, Mortgageit, Inc. (serviced by American Servicing Company), $760,000; and Count Ten, Evergreen Money Source Mortgage Company (serviced by U.S. Bank), $369,000. The defendants were discharged of these debts on or about August 21, 2009.

B. <u>Scheme and Artifice to Defraud</u>

6. That from on or about March 2009 continuing to on or about October 2009, in the District of Idaho, the defendant, MELODY C. REDONDO, devised and intended to devise a scheme and artifice to defraud as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises from NCM.

*INDICTMENT - 2*

7. It was further part of the scheme that on or about March 30, 2009, the defendant, MELODY C. REDONDO, entered into an exclusive seller representation agreement (RE-16) to sell residential real estate located in Eagle, Idaho, for C.G., with a purported sales price of $849,000. Said contract was a "short-sale," since the outstanding loan balance due NCM was approximately $1.4 million and the sale would result in a substantial deficiency to NCM.

8. It was further part of the scheme that on or about March 30, 2009, defendant MELODY C. REDONDO was the listing and selling agent on a real estate purchase and sale agreement (RE-21) of the aforesaid property with V.C. as the buyer of the residential property for $625,000; the agreement further provided that V.C. could freely assign the property. V.C. is a close family member of the defendant, MELODY C. REDONDO.

9. It was further part of the scheme that when C.G. executed the seller representation agreement on or about March 30, 2009, the defendant, MELODY C. REDONDO, stated that if V.C. makes "a lot of money" when he sells the property he will give C.G. a kickback from the proceeds of the sale. C.G. immediately advised V.C. that he did not want any part of such a payment.

10. It was further part of the scheme that on or about April 1, 2009, the defendant, MELODY C. REDONDO, provided NCM with the proposed $625,000 sales contract. This transaction required the approval of NCM because it was a "short-sale," since the outstanding loan balance due NCM was approximately $1.4 million and the sale would result in a deficiency.

11. It was further part of the scheme that in March and April 2009, V.C. showed the house to P.W. After P.W. advised the defendant, MELODY C. REDONDO, that he was interested in purchasing the property as an investment, Defendant MELODY C. REDONDO stated to P.W. that "I want half," in reference to P.W.'s potential profits from the eventual re-sale of the residence.

INDICTMENT - 3

Defendant MELODY C. REDONDO assured P.W. that she had a cash buyer lined up to purchase the property from P.W.

12. It was further part of the scheme that on or about June 23, 2009, Defendant MELODY C. REDONDO requested that C.G. first text her and later email her and represent "that you [MELODY C. REDONDO] are not accepting back-up offers on your home." That after C.G. provided the defendant, MELODY C. REDONDO, with the requested information, the defendant falsely and fraudulently provided said representation to her broker when, in truth and in fact, the defendant, MELODY C. REDONDO, later attempted to obtain additional back-up offers to purchase said residence.

13. It was further part of the scheme that on or about July 6, 2009, V.C. assigned the $625,000 sales contract to P.W.

14. It was further part of the scheme that on or about July 23, 2009, the defendant, MELODY C. REDONDO, received an offer from buyers, to wit: W.R. and I.T., to purchase said property from P.W. for $800,000; however, the defendant, MELODY C. REDONDO, did not disclose said offers to NCM.

15. It was further part of the scheme that in July 2009, Defendant MELODY C. REDONDO advised the seller, C.G., that it was "really cool" that she would be splitting the profits from the re-sale with P.W.

16. It was further part of the scheme that in July 2009, Defendant MELODY C. REDONDO falsely and fraudulently represented to P.W. that she disclosed to NCM the full circumstances of the transaction, including the "duo-contracts" with simultaneous closings on the same real estate transaction; when, in truth and in fact, she had failed to do so.

INDICTMENT - 4

17. It was further part of the scheme that on July 29, 2009, P.W. accepted the offer to purchase said property for $800,000 from W.R. and I.T.; however, Defendant MELODY C. REDONDO falsely and fraudulently failed to disclose said offer to NCM. For unrelated reasons, on August 6, 2009, the contract was terminated.

18. It was further part of the scheme that on August 7, 2009, the defendant, MELODY C. REDONDO, received a cash offer (RE 21) from buyers, to wit: K.K. and R.K., to purchase said property from P.W. for $700,000; however, Defendant MELODY C. REDONDO falsely and fraudulently failed to disclose said offer to NCM.

19. It was further part of the scheme that on or about August 14, 2009, P.W. accepted the offer to purchase said property for $755,000. The parties further agreed to not publish the purchase price on the multiple listing service. However, Defendant MELODY C. REDONDO falsely and fraudulently failed to disclose said offer to NCM. For unrelated reasons, on or about September 18, 2009, the contract was terminated.

20. It was further part of the scheme that on or about August 19, 2009, Defendant MELODY C. REDONDO forged or traced the signature of C.G. to a quitclaim deed in order to transfer title to said property from C.G. to P.W. and C.G. Said transaction is hereinafter referred to as the "forged quitclaim deed."

21. It was further part of the scheme that the defendant, MELODY C. REDONDO, went to a notary public to have the signature notarized on the quitclaim deed, but the notary refused to do so; instead, the defendant, MELODY C. REDONDO, obtained a notary license from the state of Idaho and personally notarized the forged quitclaim deed.

22. It was further part of the scheme that on or about September 21, 2009, the defendant, MELODY C. REDONDO, recorded the forged quitclaim deed with the Ada County Clerk's Office

in order to allow P.W. to be in the chain of title and to sell said property without the knowledge or authorization of NCM.

C. <u>Execution of the Scheme</u>

23. On or about September 24, 2009, in the District of Idaho, the defendant, MELODY C. REDONDO, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly execute the scheme to defraud as to material matters, and to obtain moneys and property owned by or under the custody or control of said mortgage lender by means of materially false and fraudulent pretenses, representations and promises, by then and there speaking to a representative from NCM by means of a wire communication in interstate commerce between Ohio and Idaho and, for the first time, revealed the assignment on July 6, 2009, from V.C to P.W. Defendant MELODY C. REDONDO then and there falsely and fraudulently represented, when asked by NCM whether there were other contracts to purchase the property, stated "No," but then stated "there were a couple of contracts come in but fell [*sic*] through ... and they got cancelled right away."

All in violation of Title 18, United States Code, Section 1343.


## COUNTS TWO - THREE

### Bank Fraud
### 18 U.S.C. § 1344

24. That Paragraphs 1-22, as alleged in Count One, are incorporated herein as if fully alleged herein.

A. <u>Scheme and Artifice to Defraud</u>

25. That from on or about September 2006 continuing to on or about March 2008, in the District of Idaho, the defendants, PAUL REDONDO (Count Three only) and MELODY C. REDONDO (Counts Two and Three), devised and intended to devise a scheme and artifice to defraud

INDICTMENT - 6

as to material matters and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises from financial institutions, as alleged below.

26. It was further part of the scheme that the defendants misrepresented their total monthly income on loan applications by fraudulently overstating said monthly income in a material amount.

27. On or about the dates set forth below in the District of Idaho, the defendants, PAUL REDONDO and MELODY C. REDONDO, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly execute the scheme to defraud as to material matters, and to obtain moneys and property owned by or under the custody or control of said financial institutions and mortgage lenders by means of materially false and fraudulent pretenses, representations and promises, on the loans described below by funding the following loans in the following manner and means stated below (the funding of said loans to be the execution of said scheme):

|       |           |                         |           |                         |
|-------|-----------|-------------------------|-----------|-------------------------|
| Two   | 7/31/2007 | Washington Mutual Bank  | $200,000  | Melody Redondo          |
| Three | 8/3/2007  | Washington Trust Bank   | $100,000  | Melody and Paul Redondo |
|       |           |                         |           |                         |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS FOUR - FIVE

### False Statement to a Financial Institution
### 18 U.S.C. § 1014

28. That Paragraphs 1-22, as alleged in Count One, are incorporated herein as if fully alleged herein.

INDICTMENT - 7

29.     That from on or about September 2006 continuing to on or about March 2008, in the District of Idaho, the defendants, PAUL REDONDO (Count Five only) and MELODY C. REDONDO (Counts Four and Five), knowingly made a false statement for purposes of influencing in any way the action of the lender, as alleged below, in connection with the funding of a residential loan, by then and there misrepresenting their total monthly income on loan applications and fraudulently overstating said monthly income in a material amount:

|  |  |  |  |  |
|---|---|---|---|---|
| Four | 7/31/2007 | Washington Mutual Bank | $200,000 | Melody Redondo |
| Five | 8/3/2007 | Washington Trust Bank | $100,000 | Melody and Paul Redondo |
|  |  |  |  |  |

All in violation of Title 18, United States Code, Section 1014.

## COUNTS SIX – TEN

### Wire Fraud
### 18 U.S.C. § 1343

30.     That Paragraphs 1 - 22, as alleged in Count One, are incorporated herein as if fully alleged herein.

A.      <u>Scheme and Artifice to Defraud</u>

31.     That from on or about September 2006 continuing to on or about March 2008, in the District of Idaho, the defendants, PAUL REDONDO (Counts Six, Seven, Eight and Ten) and MELODY C. REDONDO (Counts Six, Seven, Eight and Nine), devised and intended to devise a scheme and artifice to defraud as to material matters, and to obtain money and property by means of

materially false and fraudulent pretenses, representations and promises from mortgage lenders, as alleged below.

32. It was further part of the scheme that the defendants misrepresented their total monthly income on loan applications by fraudulently overstating said monthly income in a material amount.

33. It was further part of the scheme, as to Count Ten of the Indictment, that the defendant, PAUL REDONDO, then and there falsely represented gross rental income of $5,000 per month.

34. It was further part of the scheme that the defendant, MELODY C. REDONDO, represented in a "hardship letter" dated December 28, 2007, to the lender alleged in Count Nine that the family was having little to no income in the coming months when, in truth and in fact, the defendants purchased a new residence, which said purchase was funded with the loan alleged in Count Ten.

35. On or about the dates set forth below in the District of Idaho, the defendants, PAUL REDONDO and MELODY C. REDONDO, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly execute the scheme to defraud as to material matters, and to obtain moneys and property owned by or under the custody or control of said financial institutions and mortgage lenders by means of materially false and fraudulent pretenses, representations and promises, on the loans described below by funding the following loans in the following manner and means stated below (with the exception of Count Six, the funding of said loans by means of a wire communication in interstate commerce to be the execution of said scheme; the execution of the scheme in Count six is a wire transfer to Washington Mutual in the amount of $63,955.36 that occurred at the closing of said loan):

| | | | | |
|---|---|---|---|---|
| Six | 9/22/2006 | First Horizon Home Loans | $ 96,400 | Paul and Melody Redondo |
| Seven | 12/28/2006 | Greenpoint Mortgage | $440,000 | Paul and Melody Redondo |
| Eight | 12/28/3006 | Greenpoint Mortgage | $ 82,500 | Paul and Melody Redondo |
| Nine | 6/26/2007 | Mortgageit, Inc. | $760,000 | Melody Redondo |
| Ten | 3/19/2008 | Evergreen Money Source Mortgage Company | $369,000 | Paul Redondo |
| | | | | |

All in violation of Title 18, United States Code, Section 1343.

DATED this **13** day of October, 2010.

A TRUE BILL

Foreperson (Signed on Reverse)

WENDY J. OLSON
United States Attorney


*[signature]*
George W. Breitsameter
Assistant United States Attorney


*[signature]*
Kenneth M. Robins
Special Assistant United States Attorney

INDICTMENT - 10