*WENDY J. OLSON, IDAHO STATE BAR 7634*
*UNITED STATES ATTORNEY*
*GEORGE W. BREITSAMETER, IDAHO STATE BAR NO. 2871*
*ASSISTANT UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA, SUITE 600*
*800 EAST PARK BOULEVARD*
*BOISE, IDAHO  83712*
*TELEPHONE:  (208) 334-1211*
*FACSIMILE: (208) 334-1038*

*UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR No. 10-267-S-BLW |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| MELODY REDONDO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America and Wendy J. Olson, United States Attorney for the

District of Idaho, and George W. Breitsameter, the undersigned Assistant United States

Attorney, submit the following memorandum setting forth the Government's position at

sentencing.

Pursuant to the terms of the plea agreement, the Government recommends the Court

sentence the defendant at an offense level of sixteen (see Paragraph V.B.2 of the plea agreement,

page 6).  The Presentence Investigation Report (hereinafter referred to as the "PIR") has also

determined the defendant should be sentenced at an offense level of sixteen with a sentencing

guidelines range of 21-27 months.  Accordingly, it is the Government's recommendation that the

Court impose a sentence within the applicable sentencing guidelines range.  The PIR calculated

restitution in the amount of $333,403.26.  The Government respectfully requests that the Court

order restitution in this amount.


## BACKGROUND

In October 2010, the defendant was indicted on ten counts, including bank fraud, wire

fraud and false statement to a financial institution.  In February 2011, the defendant pled guilty

to one count of making a false statement to a financial institution in violation of Title 18, United

States Code, Section 1014.


## LEGAL ANALYSIS

The Ninth Circuit has set forth a basis framework which the district courts should follow

in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1)     Courts are to begin all sentencing proceedings by correctly determining the
        applicable sentencing guidelines range, precisely as they would have before
        *Booker*.

(2)     Courts should then consider the § 3553(a) factors to decide if they support the
        sentence suggested by the parties.  Courts may not presume that the guidelines
        range is reasonable.  Nor should the guidelines factors be given more or less
        weight than any other.  They are simply to be treated as one factor among the
        § 3553(a) factors that are to be taken into account in arriving at an appropriate
        sentence.

(3)     If a court decides that a sentence outside the guidelines is warranted, then it must
        consider the extent of the deviation and ensure that the justification is sufficiently
        compelling to support the degree of the variance.

(4)     Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).


## SENTENCING CALCULATION

### I.     Statutory Maximum and Minimum Sentence

As set forth in paragraph 86, the statutory maximum for making a false statement to a financial institution is 30 years.  There is no statutory minimum sentence.

### II.    United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

A.     Offense Level Calculation

The total offense level is 16, as calculated in paragraph V.B.2. on page 6 of the plea agreement and in paragraph 59 of the PIR.

B.     Criminal History Calculation

The defendant has only traffic offenses and has not been assessed any criminal history points – see paragraphs 60 -64 of the PIR.

C.     Advisory Guidelines Range

As set forth in paragraph 87 of the PIR, the advisory guideline is 21-27 months.

## IMPOSITION OF SENTENCE

I.   **Imposition of a Sentence under 18 U.S.C. § 3553**

    A.   18 U.S.C. § 3553(a) factors

        1.   The nature and circumstances of the offense

The case involves falsification of loan documents submitted by the defendant and her husband to residential lenders during a period of approximately eighteen (18) months. As a result of this fraudulent scheme, the defendant was successful in defrauding lenders on seven residential loans that had a value of approximately $2 million.

As noted in the PIR, the defendant's primary misrepresentation on the loan application was the amount of her monthly income. However, one false and fraudulent loan contained a fictitious residential lease agreement. The defendant falsely represented herself as the "landlord" for Redondo Enterprises on this lease agreement that was submitted to support a monthly rental income of $5,000 per month on a $369,000 residential loan.

The defendant also failed to disclose substantial existing liabilities on at least one (1) loan. The defendant's material omission of a $200,000 home equity line of credit (HELOC) from a $100,000 HELOC issued by Washington Trust Bank is particularly egregious. The timing of the loans - a few days apart - assures the defendant clearly had knowledge of the contemporaneous loan obligation and knew that the loan would not show-up on a credit report.

Washington Trust thought they would be in a second position with the HELOC when, in fact, they were in a third position behind Washington Mutual, the undisclosed second. It did not ultimately matter because when the property went into foreclosure there was insufficient equity in the collateral to cover the indebtedness on either of the loans. Both loans were complete write-offs.

The defendant caused these fraudulently obtained debts to be discharged in a bankruptcy proceeding initiated in May 2009.

The loss amounts that are reflected in the PIR and agreed to in the plea agreement are extremely conservative.  For example, in calculating the loss on the 3103 Whitepost Way property, the defendant was given credit for the collateral based upon the broker price opinion (BPO) of the collateral, or $760,000.  (See paragraph 13, page 3 of Addendum.) The BPO was the value of the collateral at the time the lender repossessed the property and is a proper method to calculate the restitution amount.  However, the collateral sold for substantially less than the BPO.  Wells Fargo reported a loss of $370,363, plus $87,000 in interest.  These loss amounts can be included for purposes of calculating the sentencing guidelines.  *See United States v. Davoudi*, 172 F. 3d 1130,1135 (9th Cir. 1999).  It is not suggested the Court rely upon a greater loss amount but, rather, to establish that the sentencing guidelines calculations are conservative.

2.      <u>The history and characteristics of the defendant</u>

Paragraphs 65-72 of the PIR adequately set forth the history and characteristics of the defendant.

3.      <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment</u>

A sentence within the sentencing guidelines with full restitution to the victims will achieve this goal.

    4.    <u>The need for the sentence imposed to afford adequate deterrence and to protect the public</u>

Adequate deterrence can be accomplished with a sentence at within the sentencing guidelines.

    5.    <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

A guidelines sentence provides sufficient flexibility to achieve these goals.

    6.    <u>The kinds of sentences available</u>

As set forth in paragraphs 93 and 94 of the PIR, the defendant is not eligible for a sentence of probation.

    7.    <u>The established sentencing range</u>

The guidelines imprisonment range is 21 to 27 months – see paragraph 87 of PIR.

    8.    <u>The need to avoid unwarranted sentence disparities</u>

A guidelines sentence will avoid unwarranted sentencing disparity.

    9.    <u>The need to provide restitution to any victims of the offense</u>

It is requested that the Court order full restitution in the amount of $333,403.26.

    B.    <u>Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)</u>

The Government's within-guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing.  The guidelines, formerly mandatory, now serves as one factor among several that courts must

consider in determining an appropriate sentence.  *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).  It remains, however, that "the Commission fills an important institutional role:  It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise."  *Id.* at 108-09 (internal quotation marks omitted).  Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"  *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984.  Reference to the guidelines, while carefully considering the 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.  Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect.  The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness.  A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders.  Moreover, there are no other 3553(a) factors in this case which militate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guidelines sentence.  Accordingly, the Government recommends a within-guidelines sentence of eight months.

## <u>CONCLUSION</u>

Application of 18 U.S.C. § 3553 supports a sentence between 21 and 27 months for the defendant's commission of the crime of false statement to a financial institution.  The Government further requests that the Court impose full restitution.  The Government submits that a sentence of months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 5th day of July, 2011.

WENDY J. OLSON
United States Attorney
By:

_____
/s/ George W. Breitsameter
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the

District of Idaho, and that a copy of the foregoing Government's Sentencing Memorandum was

served on all parties named below this 5th day of July, 2011.

    ___ United States Mail, postage prepaid

    ___ Hand delivery

    ___ Facsimile Transmission (fax)

    ___ Federal Express

     x  ECF Filing

Leo N. Griffard, Jr.
Attorney at Law
623 West Hays Street
Boise, Idaho 83702

_____
/s/ George W. Breitsameter